IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TODD ANTHONY ANDRADE,

    Petitioner,                   No. CIV S-07-00784 ALA HC

    vs.

JAMES YATES, WARDEN.,

    Respondent.                <u>ORDER</u>

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent moves to dismiss this action on the ground that petitioner's third claim of prosecutorial misconduct is unexhausted before the California Supreme Court. In the opposition to the motion to dismiss, petitioner requests that this court stay the action and hold it in abeyance pending the California Supreme Court's resolution of claim three. This court will construe petitioner's request as a Motion for Stay and Abeyance.

      A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts.

1

*Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364 (1995) (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").  A claim is unexhausted if any state remedy is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 (1999) (petitioner must seek discretionary review from state court of last resort); *Roberts v. Arave,* 874 F.2d 528, 529 (9th Cir.1988) (no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court).

For a California prisoner to exhaust, he must present his claims in a petition for review on direct appeal to the California Supreme Court or in a state post-conviction petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir.1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review). Unless the respondent specifically consents to the court entertaining unexhausted claims, a mixed petition, i.e., one containing exhausted and unexhausted claims, ordinarily must be dismissed. *See* 28 U.S.C. § 2254(b)(3); *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Notwithstanding the decision in *Rose*, a district court may stay a mixed petition to allow a petitioner to present unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  Under *Rhines*, abeyance may be ordered under limited circumstances, restricted by the satisfaction of three requirements.  First, there must be good cause for the petitioner's failure to have exhausted his claims "first in state court." *Rhines*, 544 U.S. at 277.  Second, the unexhausted claims must not be "plainly meritless." *Id.*  Finally, a mixed petition "should not be stayed indefinitely," meaning there should be specific limits on the trip to state court and back to federal court. *Id.* at 277-78.

The *Rhines* court also held that stay and abeyance "should be available only in limited

circumstances." *Rhines*, 544 U.S. at 277. If employed too often, the procedure could undermine the purposes of AEDPA, namely, to reduce delay and streamline federal habeas corpus proceedings. *Id*. In this regard, the Supreme Court stated "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*.

Here, petitioner's motion makes no showing that good cause exists for his failure to exhaust the claim in state court before filing this action. In his opposition to the government's motion to dismiss, petitioner merely restates his argument in claim three. He offers no explanation as to why he failed to present it to the California Supreme Court. Therefore, under *Rhines*, petitioner has not carried his burden of demonstrating good cause.

Consequently, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay this action and hold it in abeyance is denied;

2. Petitioner has 14 days from the date of this order to file an amended petition omitting the unexhausted claim. Petitioner's failure to comply with this order will result in the dismissal of this application for federal habeas corpus without prejudice.

/////

DATED: November 6, 2007

/s/ Arthur Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation