IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TODD ANTHONY ANDRADE,

    Petitioner,                Case No. 1:07-cv-000784 ALA (HC)

    vs.

JAMES YATES,

    Respondent.              <u>ORDER</u>

                                                    /

I

Petitioner's application for habeas corpus relief was denied on January 6, 2009. Petitioner failed to file a notice of appeal within 30 days. On February 25, 2009, Petitioner filed a motion requesting an extension of time to file a notice of appeal. On March 6, 2009, before the Court ruled on his motion for an extension of time, Petitioner filed a notice of appeal. On March 12, 2009, Respondent filed an opposition to Petitioner's motion for an extension of time to file a notice of appeal.

On March 25, 2009, this Court granted Petitioner's motion for an extension of time. Accordingly, Petitioner's notice of appeal, filed on March 6, 2009, is deemed timely filed *nunc pro tunc*.

Petitioner requests certification of his claims that: (1) trial counsel was ineffective for

1

failing to object during the prosecutor's direct examination; and (2) the trial judge imposed an impermissible sentence as it was based on his juvenile adjudication.

II

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); 28 U.S.C. § 2253. Before Petitioner can appeal this Court's judgement, a certificate of appealability must issue to provide the Ninth Circuit jurisdiction to consider this appeal. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Under the controlling standard, a petitioner must sho [w] that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. " *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)(internal quotations omitted).

III

A

As discussed more fully in the underlying dispositive order, this Court found that Petitioner failed to show that his trial counsel's decision not to object "when the prosecutor asked Deputy Swanson whether he believed that [Petitioner] hit his patrol car purposefully" (Doc. 1 at 5), prejudiced the outcome of the proceeding. Because Petitioner has failed to establish that the state appellate court's decision was predicated on an erroneous application *Strickland*, or that it was objectively unreasonable, this Court will not encourage Petitioner to proceed further.

B

Petitioner's claim that his Sixth and Fourteenth Amendment rights were violated when

the trial court imposed an enhanced sentence based on his 1982 juvenile adjudication is unsupported by a favorable determination by the United States Supreme Court. A district court may not grant habeas corpus relief if a state court's decision is not "contrary to, or involves an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1).

Accordingly, IT IS HEREBY ORDERED that Petitioner's request for a certificate of appealability be denied as it is clear that reasonable jurists would not debate the manner in which this Court resolved Petitioner's federal application for habeas corpus relief.

/////

DATED: March 26, 2009

/s/ Arthur Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation